IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**DAVID GOLDMAN and
ADAM GOLDMAN,**

        Plaintiffs,

v.                                               CIVIL ACTION NO: 3:13-CV-152
                                                  (JUDGE GROH)

**PHILLIPS & SONS DRILLING, INC.
and MID MARYLAND EXCAVATING, INC.,**

        Defendants.

## ORDER DENYING SECOND MOTION TO EXTEND MOTION TO COMPEL FILING DEADLINE

Currently pending before the Court is the Second Stipulation Extending Motion to Compel Filing Deadline [Doc. 38], filed by the Plaintiffs and Defendant Mid Maryland Excavating, Inc. on March 5, 2014. The Court construes this filing as a motion because, in it, the parties request that the Court extend the time that the Defendant has to file a motion to compel concerning the Plaintiffs' interrogatory responses until April 7, 2014. They assert that the current motion to compel deadline is March 5, 2014–the day that they filed this motion.

The parties support their motion with the following allegations. The Defendant served its First Set of Interrogatories to Plaintiffs [Doc. 13].[1] The Plaintiffs responded to the interrogatories on January 6, 2014 [Doc. 19]. The Defendant, however, considered their

---

[1] Though not specifically named in this motion, a review of the docket reveals that the interrogatories at issue are Mid Maryland Excavating, Inc.'s First Set of Interrogatories to Plaintiffs as this is the only set of interrogatories that it has served on the Plaintiffs. See [Docs. 13, 19].

response insufficient. It sent the Plaintiffs a Rule 37 letter to that effect on January 9, 2014. The parties then attempted to resolve the issues raised in the letter without seeking the Court's intervention. Thus, on January 30, 2014, they filed a stipulation asserting that they had agreed to change the motion to compel deadline from February 5, 2014 to March 5, 2014. Construing the stipulation as a motion, the Court granted the request and ordered that Mid Maryland Excavating, Inc. had until March 5, 2014 to file any motions to compel regarding its First Set of Interrogatories to Plaintiffs. Following this extension, the Plaintiffs produced more discovery responses and Plaintiff David Goldman was deposed on February 21, 2014. The Defendant is still evaluating the new responses, and the parties have not yet received a transcript of the deposition. The parties assert that these responses and the deposition could reduce the scope of a motion to compel or eliminate the need to file one. Accordingly, the parties request that the Court again extend the Defendant's deadline for filing a motion to compel to allow them to evaluate this discovery.

Because the parties moved for an extension of this deadline before the motion to compel deadline elapsed, the Court may grant their motion "for good cause." FED. R. CIV. P. 6(b)(1).

Here, the Court does not find good cause to extend the motion to compel deadline a second time. The original motion to compel deadline was February 5, 2014. The Court then extended this deadline by one month. The Defendant therefore had nearly *twice* the time allotted under this Court's local rules to consider and file any motions to compel concerning the interrogatory responses. See N.D. W. VA. L. R. CIV. P. 37.02(b) (requiring that a party file a motion to compel within thirty days of receiving a discovery response). There is no indication that the timing or contents of the Plaintiffs' additional responses are

of a nature that justifies another one-month extension. The parties only assert–without further elaboration–that the Defendant is still evaluating the responses. David Goldman's deposition also does not support such an extension as it occurred twelve days before the deadline. The Defendant therefore has had ample time to review the discovery at issue and file any motions to compel. Accordingly, the Court **DENIES** the parties' Second Motion to Extend Motion to Compel Filing Deadline.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED:** March 10, 2014.

GINA M. GROH
UNITED STATES DISTRICT JUDGE