IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

DAVID GOLDMAN and
ADAM GOLDMAN,

      Plaintiffs,

v.                                                                          Civil No. 3:13-CV-152

PHILLIPS & SON DRILLING, INC., and
MID MARYLAND EXCAVATING, INC.,

      Defendants.

## ORDER DENYING DEFENDANT MID MARYLAND EXCAVATING, INC.'S MOTION AND SUPPLEMENTAL MOTION TO COMPEL EXPERT DISCLOSURES AND RESPONSES TO INTERROGATORIES

### I.    INTRODUCTION

This matter is before the Court on Defendant Mid Maryland Excavating, Inc.'s Motion (ECF No. 74) and Supplemental Motion (ECF No. 79) to Compel Expert Disclosures and Responses to Interrogatories, filed on May 5, 2014 and May 14, 2014, respectively. Plaintiffs filed a Response in Opposition to the Motion and Supplemental Motion along with four Exhibits on May 20, 2014. (ECF No. 80). Defendant filed its Reply to Plaintiff's Response on May 28, 2014. (ECF No. 81). On June 4, 2014, this Court held an evidentiary hearing and argument on the motion. Plaintiffs appeared by counsel, Christopher P. Stroech, Esq., in person, Defendant Mid Maryland Excavating, Inc., appeared by counsel, Austin Hovermale, Esq., on behalf of Eric Hulett, Esq., in person, and Defendant Phillips & Son Excavating, Inc., appeared by counsel, W. Michael Moore, Esq., by phone. The Court admitted as Defendants' Exhibit 1, an April 11, 2014 letter from Defendant to Plaintiffs requesting that Plaintiffs supplement their expert disclosure. No additional evidence or testimony was presented at the hearing.

1

## II. BACKGROUND

On March 13, 2014, Defendant filed its Second Set of Interrogatories to Plaintiffs and requested that Plaintiffs identify all experts and submit all material required under Rule 26(b)(4). On April 4, 2013, Plaintiffs filed their "Expert Witness Disclosures," which listed three individuals and provided a brief description of their work: 1) Roger Mattei, owner of Tri-State Tree Service, provided Plaintiffs with estimates for tree removal and replacement; 2) Agents of Powell's Plumbing inspected Plaintiffs' septic system; and 3) Greg Dash performed remedial work at the property. Plaintiffs' Responses to the interrogatories were due by April 29, 2014. Plaintiffs did not respond by this date and Defendant filed its Motion to Compel Expert Disclosures and Responses to Interrogatories on May 5, 2014. Defendant subsequently filed its Supplemental Motion to Compel after receiving Plaintiffs' Answers to the Defendant's Second Set of Interrogatories, which were mailed on May 2, 2014. However, Plaintiffs' responses to each interrogatory simply state "refer to Plaintiffs' Expert Witness Disclosures," which Defendant argues are "wholly inadequate" under the Federal Rules of Civil Procedure. Therefore, Defendant maintains that both the Expert Disclosures and responses to the Defendant's Second Set of Interrogatories are inadequate under Rule 26(a)(2).

## III. DISCUSSION

### A. Contention of the Parties

Defendant argues that Plaintiffs should be compelled to provide an expert report pursuant to Rule 26(a)(2)(B) for each of their three designated experts, or if the Court finds there is insufficient information to determine whether the individuals are indeed experts and whether such reports are required, that Plaintiffs should, at minimum, be required to provide a summary of facts and opinions to be offered by each expert as required by Rule 26(a)(2)(C). Lastly,

Defendant argues Plaintiffs should be compelled to disclose the identity of all experts, rather than merely referring to "agents" of Powell's Plumbing.

Plaintiffs assert that the three witnesses will offer factual testimony because they were each asked by Plaintiffs to perform remedial work at the property and/or offer estimates for repair. Plaintiffs explained that the expert disclosures were made out of an abundance of caution because the witnesses may offer their opinion as to what they observed and found on the property. Therefore, Plaintiffs argue that their Expert Disclosures are sufficient because the three individuals are merely fact witnesses. Plaintiffs further affirm that they have not retained the witnesses and that each person was contacted prior to counsel being involved in this case.

## IV. DISCUSSION

### A. Rule 26(a)(2) Disclosure Requirements

Rule 26(a)(2) of the Federal Rules of Civil Procedure outline two provisions regarding the disclosures required for expert witnesses. Pursuant to Rule 26(a)(2), a party is required to provide a written report along with the identification of the expert witness "if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B). However, if a party is not required to provide a written expert report, the "disclosure must state: (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). When persons are not classified as expert witnesses, they may still fall in the category of expert witnesses called "hybrid witnesses," which require disclosures under Rule 26(a)(2)(C). The commentary to Rule 26 explains:

> A witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony under Evidence Rule 702, 703, or 705. Frequent examples include physicians or other health care professionals and

> employees of a party who do not regularly provide expert testimony. Parties must identify such witnesses under Rule 26(a)(2)(A) and provide the disclosure required under Rule 26(a)(2)(C). The (a)(2)(C) disclosure obligation does not include facts unrelated to the expert opinions the witness will present.

Commentary to Fed. R. Civ. P. 26(a)(2)(C) (2010)*; see also Sullivan v. Glock, Inc*., 175 F.R.D. 497, 500 (D. Md. 1997) (finding that the more detailed disclosure required by Rule 26(a)(2)(B) was not required for hybrid witnesses and "each of the health care experts disclosed by the plaintiff falls into the category of expert witnesses commonly described as 'hybrid witnesses,'" to which Rule 26(a)(2)(A) applies.").

When determining whether a witness is an expert who has to submit a report under Rule 26(A)(2)(B) or a "hybrid" witness that is only required to make disclosures under Rule 26(A)(2)(C), the court should not "focus solely on the status of the expert" but should instead focus on "the nature of the testimony which will be offered at trial." *See Sullivan*, 175 F.R.D. at 500. For example, "[i]f a treating physician forms an opinion of the causation of an injury to a patient and the prognosis of the patient's condition *during the treatment* then such opinion may be expressed by the treating physician without the necessity of a report under Fed. R. Civ. P. 26(a)(2)(B)." *Hall v. Sykes*, 164 F.R.D. 46, 48 (E.D. Va.1995) (emphasis added). In this case, the court did not require the treating physician to prepare an expert report. *Id.* at 49.

Unlike expert witnesses or hybrid witnesses, however, when a person is merely a fact, or lay witness, Rule 26 of the Federal Rules of Civil Procedure only requires the party to disclose the name, address and telephone number of each witness. Fed. R. Civ. P. 26(a)(3)(A). A fact witness whose testimony is in the form of an opinion must be: "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. If a fact witness's testimony

appears to cross over into expert testimony under Rules 702 and 703 of the Federal Rules of Evidence, then such a witness should be classified as "hybrid witness," which requires the proper disclosures under Rule 26(a)(2)(C). *See Kobe v. Haley,* CA 3:11-1146-TMC, 2013 WL 4067921 (D.S.C. Aug. 12, 2013).

## B. Legal Analysis

### 1. *Roger Mattei*

**Disclosure:** Mr. Mattei owns Tri-State Tree Service and is a tree expert. He is a fact witness that will provide expert testimony regarding the value of the trees that were improperly removed from the Plaintiffs' property by the Defendants. More specifically, he will testify as to the written report and attached estimates previously produced.

Plaintiffs attached to their Response a handwritten "report" by Mr. Mattei dated February 17, 2012. (ECF No. 80-2 at 1). The report stated that he has worked for thirty-six (36) years as an arborist and that he examined twenty (20) oak trees in Plaintiffs' front yard and "found the root system's damaged by a loader." He further noted that the trees "may fall over any time, onto the house or electric wires…the trees in the front yard need to come down as soon as possible." Plaintiffs also attached as an exhibit three invoices signed by Mr. Mattei. (ECF No. 80-2 at 2-4). An invoice from December 23, 2011 states "remove 20 large trees/ destroyed root system/ damage done by excavator" and lists the estimated price of removal. Two invoices dated January 21, 2012 list the replacement cost for thirty (30) trees in the backyard and twenty (20) trees in the front yard.

Defendant points to an affidavit signed by Mr. Mattei on April 14, 2014 stating that he has long-term memory problems due to chemotherapy for cancer and he did not recall visiting Plaintiffs' property or performing any work at the property. (ECF No. 81-1). However, Mr. Mattei stated that he did prepare the three "bid sheets," which provided estimates to remove and replace trees on Plaintiffs' property. (*Id.*). Defendant argue that because Mr. Mattei never visited

the property and did not do any work on the property that he is not a fact witness and should be considered an expert witness because the only testimony he can provide is based on information supplied to him by Plaintiffs.

Plaintiffs argue that Mr. Mattei may offer testimony as to the cost to remove and replace the trees on Plaintiffs' property, which is contained in the estimates he made on December 23, 2011 and January 21, 2012. (ECF No. 80-2). Plaintiffs assert that Mr. Mattei did in fact inspect Plaintiffs' property and then prepared the two estimates for removal and replacement of trees. Plaintiffs argue that any question as to Mr. Mattei's inability to remember being on the property would be a credibility issue at trial rather than a reason to strike the witness.

The Court finds that Mr. Mattei is a fact witness as long as his testimony is confined to discussing the estimates he provided Plaintiffs regarding tree replacement and removal. Any issues involving Mr. Mattei's memory of visiting the property or preparing the estimates is a credibility issue to be raised at trial. Accordingly, the Court **DENIES** Defendant's Motion to Exclude Mr. Mattei because he is not an expert witness and Plaintiffs were not required to submit a written expert report under Rule 26(a)(2)(B) or a disclosure under Rule 26(a)(2)(C).

   2. *Agents of Powell's Plumbing*

**Disclosure:** We expect them to testify as to the condition they found our septic system in. Agents of Powell's Plumbing are fact witnesses that may offer expert testimony outlining the damage to the septic field and related system caused by the Defendants. More specifically, they will testify as to the information contained in the written invoices previously produced.

Plaintiffs attached as an exhibit, two invoices from Powell's Plumbing, Inc. regarding repairs to Plaintiffs' septic system. (ECF No. 80-3). The invoice dated October 17, 2011 indicates the cost for locating and digging up the septic tank and is signed by technician, "Paul Billy." The invoice dated November 4, 2011 contains technician notes from "Justin/Bryan" regarding a service call made to Plaintiffs' property that assesses damage to the septic system.

Defendant argues that Plaintiffs failed to identify the "agents" that would testify from Powell's Plumbing thus making the disclosure insufficient under Rule 26. Moreover, Defendant asserts that the description provided in the disclosure is an inadequate summary of the facts and opinions to which the witnesses are expected to testify as required under Rule 26(a)(2)(C) and that Plaintiffs failed to provide expert reports for the witnesses under Rule 26(a)(2)(B).

At the evidentiary hearing, Plaintiffs agree that the disclosure needed to be supplemented to sufficiently identify the agents but also assert that the agents would only serve as fact witnesses. Plaintiffs assert that agents of Powell's Plumbing came to Plaintiffs' property, assessed the septic system and then made repairs. Plaintiffs state that their testimony will be describing what they found and what repairs they completed. Plaintiffs also affirm that the agents would not testify, nor be able to testify, as what or who caused the damage they repaired.

The Court finds that the agent's testimony, as described by Plaintiffs' counsel, would not rise to the level of providing an expert opinion; such testimony appears to be limited to the facts observed and repairs made on Plaintiffs' property. However, the Court **ORDERS** Plaintiffs to adequately supplement the identity of the agent from Powell's Plumbing as part of their pre-trial disclosures. Accordingly, the Court **DENIES** Defendant's Motion to Exclude an agent from Powell's Plumbing because such an agent, testifying to their observations and work on the property, would not qualify as an expert witness pursuant to Rule 26(a)(2)(B) nor a hybrid witness requiring a more detailed disclosure under Rule 26(a)(2)(C).

   3. *Greg Dash*

**Disclosure:** Mr. Dash is a fact witness that may offer expert testimony regarding the conditions he found at the property, what he determined would be needed to remedy the problems, and the repairs he performed. The substance of the facts is that he performed all of the repairs we have made to the property so far. The opinions we expect him to testify to are the opinions that he rendered us regarding the improper installation of the well, as well as any opinions he may have formed while completing the repairs. The facts he provided was a general summary of the issues

7

we were facing with the property, such as the wide open septic tank, the impassable driveway we were left with, and the erosion from the clearing. He is expected to testify as to his written report and remedial work performed as set forth in the invoices previously produced.

Plaintiffs attached as an exhibit email correspondence between Plaintiffs and Mr. Dash from February 2012 outlining what Mr. Dash's company found when "pulling" Plaintiffs' well. (ECF No. 80-4). Plaintiffs also attached estimates for repairs to the septic system dated December 6, 2011, January 24, 2012, May 12, 2012 and June 19, 2012 and invoices for work completed on February 18, 2012, May 12, 2012, July 21, 2012 and May 10, 2013.

Defendant argues that when deposed, Mr. Dash first stated he was retained as an expert in this case, but then later stated he was not paid as an expert for the case but rather paid for his work on Plaintiffs' property. Defendant asserts that if Mr. Dash is an expert, an expert report must be provided or a more detailed summary of the facts and opinions he will testify to must be disclosed. Additionally, Defendant argues that Plaintiffs refer to Mr. Dash's "written report," which has not been provided to Defendant.

Plaintiffs argue that Mr. Dash simply performed remedial work on Plaintiffs' property and that Mr. Dash was not retained as an expert. Plaintiffs assert that Mr. Dash will testify to what he found at the property and the problems he observed with Plaintiffs' well. Plaintiffs also stated that Defendant took a five hour deposition of Mr. Dash and have thoroughly questioned him as to what facts he may testify to regarding the property.

The Court finds that Mr. Dash was not retained as an expert, but rather was hired to complete repairs on Plaintiffs' property. As such, the Court finds that Mr. Dash is a fact witness as long as his testimony involves the actual work performed and observations made while repairing Plaintiffs' property. Accordingly, the Court **DENIES** Defendant's Motion to Exclude

Mr. Dash because he was not required to submit a written expert report under Rule 26(a)(2)(B) nor a more detailed summary of facts or opinions under Rule 26(a)(2)(C).

## V.  CONCLUSION

The Court finds that the three individuals listed by Plaintiffs are not expert witnesses but instead appear to be fact witnesses who will address what they observed on Plaintiffs' property, including possible damage to the property and septic system. Accordingly, the Court **DENIES** Defendant's Motion to Compel. However, the Court **ORDERS** Plaintiffs to disclose whether the three witnesses will be testifying to anything other than facts, such as opinions pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence. If Plaintiffs intend to have the witnesses testify as to their opinions under the Federal Rules of Evidence 702, 703 and 705, then such witnesses should be classified as "hybrid witnesses" as described above and Plaintiffs must supplement their disclosures pursuant to Rule 26(a)(2)(C).

Any party may, within fourteen (14) days of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection.  A copy of such objections should also be submitted to the District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such order.

Filing of objections does not stay this Order.

The Clerk of the Court is directed to transmit a copy of this Order to parties who appear *pro se* and any counsel of record, as applicable.

**IT IS SO ORDERED**.

**DATED**: June 9, 2014

*/s/ James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE