IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

DAVID GOLDMAN and
ADAM GOLDMAN,

      Plaintiffs,

v.                                                                                                                  Civil No. 3:13-CV-152

PHILLIPS & SON DRILLING, INC., and
MID MARYLAND EXCAVATING, INC.,

      Defendants.

## ORDER DENYING PLAINTIFFS' MOTION AND MEMORANDUM TO STRIKE JOINT SUPPLEMENTAL EXPERT DISCLOSURE [109]

### I.     INTRODUCTION

This matter is before the Court on Plaintiffs' Motion and Memorandum to Strike Joint Supplemental Expert Disclosure [109], filed on July 1, 2014. On July 7, 2014, Defendant Mid-Maryland filed a Response [112], Defendant Phillips & Son Drilling, Inc. filed a Response [113], and Defendants filed a Joint Response to Plaintiffs' Motion [114]. On July 8, 2014, Plaintiffs filed a Reply to Defendants' Joint Response [115]. On July 9, 2014, this Court held an evidentiary hearing and argument on the motion. Plaintiffs appeared by counsel, Gregory A. Bailey, Esq., in person, appearing on behalf of Christopher P. Stroech, Esq., Defendant Mid Maryland Excavating, Inc., appeared by counsel, Eric Hulett, Esq., in person, and Defendant Phillips & Son Excavating, Inc., appeared by counsel, W. Michael Moore, Esq., by phone. The Court admitted as Defendants' Exhibit 1, ten (10) pages from the transcript of Mr. Zaleski's deposition. No additional evidence or testimony was presented at the hearing.

### II.  BACKGROUND

According to the Scheduling Order, the expert disclosure deadline for Defendants was originally set for May 2, 2014. (ECF No. 12). The parties agreed to extend this deadline for expert disclosure until June 2, 2014. (ECF No. 112-1). Bill Zaleski is the Sanitarian Supervisor for the Jefferson County Health Department and visited Plaintiffs' property as part of his official duties. Mr. Zaleski was identified by Defendants in their initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure. The deposition of Mr. Zaleski was set for May 29, 2014, which gave Defendants time to disclose Mr. Zaleski as an expert witness, if needed. However, the parties agreed to postpone the deposition to June 10, 2014 due to a death in the family of counsel for Defendant Phillips & Son Drilling, Inc. This new date fell after Defendants' expert disclosure deadline of June 2, 2014. The deposition was held on June 10, 2014. During the deposition, Mr. Zaleski expressed opinions based on his knowledge and experience. Based on these opinion statements, Defendants filed a Joint Supplemental Expert Disclosure for Bill Zaleski disclosing him as an expert pursuant to Rule 26(a)(2)(C) on June 11, 2014. Plaintiffs then filed the instant Motion to Strike the Expert Disclosure because the disclosure was made after the June 2, 2014 deadline.

### III. DISCUSSION

**A. Contention of the Parties**

Plaintiffs argue that Mr. Zaleski should not be able to offer any expert testimony because Defendants' joint supplemental expert disclosure was made following the disclosure deadline. Plaintiffs point to Mr. Zaleski's deposition where he states he met with defense counsel in the months prior to the deposition, which indicates that defense counsel were aware and expected Mr. Zaleski to testify as to his opinions and thus, they could have timely disclosed him as an expert witness but failed to do so. By failing to disclose Mr. Zaleski as an expert witness prior to the deposition, Plaintiffs argue that they were unable to have their expert review Mr. Zaleski's

opinion and could not adequately prepare for the cross-examination of Mr. Zaleski during the deposition.

Defendant Mid-Maryland Excavating and Defendant Phillips & Son Drilling argue that Mr. Zaleski was timely disclosed in accordance with the Federal Rules of Civil Procedure because in the absence of a scheduling order provision requiring Rule 26(a)(2)(C) disclosures by the deadline, expert disclosures must be made at least 90 days prior to trial, and therefore the disclosure was timely. *See* Fed. R. Civ. P. 26(a)(2)(D)(i). Plaintiffs' also argue that the extension of the date of the deposition also necessitated an extension of the date of the expert disclosure deadline and Plaintiffs' counsel agreed to extend the deposition date without any caveat or condition regarding Defendants' right to file an expert disclosure based on his testimony. Lastly, Plaintiffs' argue that there is no prejudice or chance of surprise to the Plaintiffs even if the expert disclosure was untimely filed past the deadline.

**B. Legal Analysis**

The Federal Rules of Civil Procedure require a party to disclose expert witnesses pursuant to Rule 26(a)(2)(A). When a party fails to comply with Rule 26(a)(2), Rule 37(c)(1) states that "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." The Fourth Circuit has held that the "Federal Rules impose an 'automatic sanction' of exclusion of a party's expert witness for failure to adhere to the expert witness requirements set forth in Rule 26(a)." *Campbell v. United States*, 470 Fed. Appx. 153, 156 (4th Cir. 2012).

However, exclusion may not be required if the non-compliance was "substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). The non-disclosing party bears the burden of proving that his failure to comply with Rule 26(a)(2) was harmless or substantially justified. *See*

*Campbell*, 470 Fed. Appx. at 155. The Fourth Circuit has held that a district court has "broad discretion to determine whether a nondisclosure of evidence is substantially justified or harmless for purposes of a Rule 37(c)(1) exclusion analysis...." *S. States Rack And Fixture, Inc. v. Sherwin–Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003). Moreover, when conducting an exclusion analysis, the district court should apply the following factors:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Id.* The Fourth Circuit has also emphasized that the "rule's report requirement is meant in part to prevent prejudice created by last minute surprises. As a result, '[t]he focus of a preclusion inquiry is mainly upon surprise and prejudice.'" *Michelone v. Desmarais*, 25 F. App'x 155, 158 (4th Cir. 2002) (quoting *Thibeault v. Square D Co.*, 960 F.2d 239, 246 (1st Cir.1992)). Rather than excluding the evidence, Rule 37(c)(1) gives the court discretion to impose other appropriate sanctions. *See Anderson v. Found. for Advancement, Educ. & Employment of Am. Indians*, 155 F.3d 500, 504 (4th Cir.1998).

In the present case, assuming that Mr. Zaleski is indeed a hybrid-witness that required a timely disclosure as an expert under Rule 26(a)(2)(A) and (C), the Court finds that such a delay is substantially justified as the continuation of the deposition of Mr. Zaleski was by consent because of the death of defense counsel's family member, which resulted in the subsequent delay in filing the expert disclosure. The Court further finds that the untimely disclosure is harmless because the nine (9) day delay does not result in unfair surprise or prejudice. A nine (9) day delay does not surprise the Plaintiffs or result in an "ambush at trial." Defendants attempted to cure any surprise by immediately filing the expert disclosure the date after the deposition was taken and opinion testimony revealed. Moreover, as a public employee and not a retained expert,

either party could have accessed Mr. Zaleski and interviewed him prior to the deposition. The trial is scheduled for October 28, 2014 and there is no indication this untimely disclosure, made four months in advance of the trial, would disrupt the trial in any way. The evidence is of importance to Defendants because Mr. Zaleski's testimony may rebut claims made by Plaintiffs. Lastly, the reason for the nondisclosure – the delay of the deposition due to the death of defense counsel's family member – substantially justifies the untimely filing of the expert disclosure. Accordingly, the Court finds that the untimely disclosure was substantially justified and Plaintiffs are not unfairly surprised or prejudiced by the disclosure being made just nine (9) days after the expert disclosure deadline, approximately four months prior to trial.

## IV. CONCLUSION

For the reasons set out hereinabove, the Court **DENIES** Plaintiffs' Motion and Memorandum to Strike Joint Supplemental Expert Disclosure [109].

Any party may, within fourteen (14) days of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such order.

Filing of objections does not stay this Order.

The Clerk of the Court is directed to transmit a copy of this Order to parties who appear *pro se* and any counsel of record, as applicable.

**IT IS SO ORDERED**.

**DATED**: July 9, 2014

ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE